IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIA ROSA CORNEJO CERRITOS et al.,      *

      Plaintiffs,      *

v.      *    Civil No.: **PJM 17-3760**

4806 RUGBY AVENUE LLC et al.,      *

      Defendants.      *

## MEMORANDUM OPINION

Plaintiffs Maria Rosa Cornejo Cerritos and Maria Zelaya have brought suit against *pro se* Defendants 4806 Rugby Avenue LLC, doing business as Yamas Mediterranean Grill ("Yamas Grill"), and its owner, Tony George Alexis, alleging violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs and Defendants have now reached a settlement and ask for the Court to approve the settlement and dismiss with prejudice all claims in the Complaint. For the reasons that follow, the Court **GRANTS** the Consent Motion to Approve Settlement, ECF No. 13, and **DISMISSES WITH PREJUDICE** all counts of the Complaint, ECF No. 1, as to both Defendants.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Yamas Grill is a corporate entity owned by Defendant Alexis. ECF No. 1 ¶¶ 8-9. Until recently, Yamas Grill was functioning as a restaurant in Bethesda, Maryland. Plaintiff Cornejo Cerritos worked as a kitchen hand at Yamas Grill from approximately January 12, 2015 until it

- 1 -

closed in January 2018. *Id.* ¶ 11. Plaintiff Zelaya was also a kitchen hand for Yamas Grill and worked there from approximately July 11, 2017, until January 2018. *Id.* ¶ 12.

Plaintiffs filed a Complaint on December 20, 2017, alleging that Defendants failed to pay them minimum wage or overtime wages. *Id.* ¶¶ 15-25. Moreover, they allege, that since approximately October 15, 2017, Defendants failed to pay them anything at all for hours worked. *Id.* ¶ 26.

Although Defendants failed to timely answer the Complaint, they eventually filed a Motion for Hearing and a Reasonable Time for Defendants to Hire an Attorney. ECF No. 7. In their Motion, Defendants disputed the pending allegations, noting that the restaurant went out of business due to construction around the property and that Plaintiffs were problem employees. *Id.* The Court granted Defendants' request for additional time to find an attorney. ECF No. 9. However, on May 1, 2018, before Defendants had obtained an attorney or filed responsive pleadings, the parties filed a Joint Stipulation of Dismissal with Prejudice. ECF No. 10.

On May 2, 2018, the Court, in a Memorandum Order, directed the parties to submit a joint motion for approval consistent with this Court's practice in FLSA cases. ECF Nos. 11,12. That Motion is now before the Court.

## II.    STANDARD OF REVIEW

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from the significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver

of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC 12–1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Beam v. Dillon's Bus Serv., Inc.*, No. DKC 14–3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015) (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010)); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must reflect a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Beam*, 2015 WL 4065036, at *3 (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.*

### III. *BONA FIDE* DISPUTE

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the court examines the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo v. Parsons Brinckerhoff, Inc., et al.*, No. 1:08CV1310 (AJT/JFA), 2009 WL 3094955 at *16-17 (E.D. Va. Sept. 28, 2009).

In this case, the parties dispute the individual liability of Defendant Alexis. Specifically, Plaintiffs allege that they often worked more than 40 hours a week, they were underpaid, and they were not paid overtime. ECF No. 1 ¶¶ 19-25. Defendants deny these facts. In his Motion for Reasonable Time to Find an Attorney, Defendant Alexis asserts that the restaurant's business

was slow and that he had to cut back on payroll. ECF No. 7 ¶ 7. According to Defendant Alexis, he offered Plaintiffs a lighter work schedule, which they refused. *Id.* ¶¶ 7-8.

The parties also dispute the total numbers of hours Plaintiff Zelaya worked and her status as an employee of Yamas Grill. *See* ECF No. 7 ¶ 11.

The parties thus stipulate, and the Court finds, that a *bona fide* dispute exists as to Defendants' liability under the FLSA, the resolution of which would require further factual development and rulings of law.

### IV. FAIRNESS AND REASONABLENESS

If a *bona fide* dispute is found to exist, the court must then evaluate the fairness and reasonableness of the settlement based on the following factors:

> (1) The extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955, at *10 (quoting *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir.1975)). Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the proposed settlement is a fair and reasonable resolution of the parties' *bona fide* dispute.

The extent of the discovery that has taken place is important to the Court because "it ordinarily assures sufficient development of the facts to permit a reasonable judgment on the possible merits of the case." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). However, parties may settle an FLSA case at an early stage, before discovery, provided that the plaintiff

has had sufficient opportunity to evaluate the viability of claims and the potential range of recovery. *Saman*, 2013 WL 2949047, at *4.

In this case, formal discovery has not yet begun. However, Plaintiffs' counsel represents that neither side possesses any reliable records and that, before the settlement was finalized, he believed he had "all the useful information he could hope to obtain." ECF No. 13 at 3.

Moreover, though the proceedings are still in their early stages, the unique facts of this case militate towards approving the proposed settlement. In subsequent discussions with Defendants, Plaintiffs' counsel learned that Defendants are essentially broke and that Defendant Alexis' only significant asset is his home, which is owned with his wife as tenants by the entirety. *Id.* at 2. In this context, Plaintiffs' counsel strived diligently to secure some compensation for Plaintiffs. Given Defendants' insolvency, it made sense to resolve the matter early in order to avoid the cost and time of litigation. *Id.* at 2-3.

In addition, the parties note that there is no claim or indication of fraud or collusion in the settlement, which suggests that the settlement is fair and reasonable. *Id.* at 3.

The Court also finds that Plaintiffs' counsel is experienced and competent. Justin Zelikovitz, Esq., was admitted to the bar in 2008 and has litigated over 100 wage and hour cases in both state and federal court. *Id.*

Finally, as to the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied, after considering Plaintiffs' burden to produce sufficient documentary evidence of hours worked and their obstacles in recovering a full monetary judgment from the Defendants, that the settlement of Plaintiffs' claims is fair and reasonable.

## V.     ATTORNEYS' FEES

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)). In making that assessment, courts typically use the principles of the traditional lodestar method as a guide. *Id.* (citing cases).

The lodestar amount is the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are deemed reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiffs are expected to provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task performed. *Saman*, 2013 WL 2949047, at *7; Local Rule 109.2; Appendix B to the Local Rules.

Plaintiffs' counsel, Justin Zelikovitz, Esq., has been practicing law for ten years. Zelikovitz's colleague, Jonathan Tucker, Esq., who assisted with the matter, was admitted to the

bar in 2009 and has been practicing for nine years. Moreover, certain tasks in this case were delegated to paralegals and appropriate support staff. ECF No. 13 at 5.

Per Appendix B, lawyers admitted to the bar for nine (9) to fourteen (14) years may reasonably bill $225-350 per hour. Paralegals and law clerks may reasonably bill $95-150 per hour.

Counsel for Plaintiff filed sufficient documentation of the fees and costs incurred in the Consent Motion. This statement indicates that counsel billed 18.2 total attorney hours and 7.5 total paralegal hours on this matter and will receive a total of $5,000.00 of the $12,000.00 settlement agreement. ECF No. 13 at 5. Counsel represents that 6.8 attorney hours and 7.5 paralegal hours were spent on case development, background investigation, and case administration; 7.2 attorney hours were spent on pleadings; and 4.2 attorney hours were spent on settlement of the matter. *Id.* Counsel for Plaintiff also incurred $500.00 in costs in the form of filing and service fees. Net of these costs, Plaintiffs' counsel will receive $4,500.00, which averages to about $205 per attorney hour and $100 per paralegal hour.

Given that these fees either fall within or below the ranges provided in Appendix B of the Local Rules, the Court is satisfied that $5,000.00 for attorneys' fees and costs is reasonable. This allocation would leave Plaintiffs with an award of $7,000.00. Accordingly, in light of the speedy resolution of the case, the Court finds the attorney fee award in the proposed settlement to be reasonable.

### VI. CONCLUSION

For the foregoing reasons:

The Consent Motion for Approval of Settlement, ECF No. 13, is **GRANTED** and the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**;

**FINAL JUDGMENT** is awarded in favor of Plaintiffs and against Defendants in the amount of $7,000.00;

**FINAL JUDGMENT** for costs and attorneys' fees in the amount of $5,000.00 is **ENTERED** in favor of Plaintiffs' counsel and against Defendants;

A separate Order will **ISSUE**.

                                    /s/
                         PETER J. MESSITTE
              UNITED STATES DISTRICT JUDGE

**May 17, 2018**